STATE of Arkansas *v.* Jimmy Clark LEE

CR 82-88                                        639 S.W.2d 745

Supreme Court of Arkansas
Opinion delivered October 11, 1982

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellant.

*Beth Gladden Coulson* and *L. Gene Worsham,* for appellee.

RICHARD B. ADKISSON, Chief Justice. Prior to trial the Jefferson County Circuit Court dismissed a charge of rape against appellee, Jimmy Clark Lee. Appellant, the State of Arkansas, brings this appeal pursuant to Ark. Stat. Ann. § 43-2720 — 2720.1 (Repl. 1977).

The first issue argued on appeal is whether the trial court erred in its interpretation of Ark. Stat. Ann. § 43-2036 (Supp. 1981) which provides that videotaped depositions of minor victims of sexual offenses shall be admitted in evidence in lieu of testimony:

> 43-2036. Videotaped deposition of alleged victim under seventeen years of age in sexual offense prosecution — Procedure — Use. — In any prosecution for a sexual offense or criminal attempt to commit a sexual offense against a minor, upon motion of the prosecuting attorney and after notice to the opposing counsel, the court may, for a good cause shown, order the taking of a videotaped deposition of any alleged victim under the age of seventeen (17) years. The videotaped deposition shall be taken before the judge in chambers in the presence of the prosecuting attorney, the defendant and his attorneys. Examination and cross-examination of the alleged victim shall proceed at the taking of the videotaped deposition in the same manner as permitted at trial under the provisions of the Arkansas Uniform Rules of Evidence. Any videotaped deposition taken under the provisions of this Act shall be viewed and heard at the trial and entered into the record in lieu of the direct testimony of the alleged victim.

The deposition of the eight-year-old victim was videotaped pursuant to this statute; however, at the videotaping

she refused to testify about the alleged crime other than to state that appellee had done something with her that was unusual or odd. The court excused her for a short period of time subject to recall. On recall she testified: that the first time her dad ever did anything her brother was around; that her brother was playing outside and she and her dad were inside; and that she and her dad were watching t.v. in his bedroom. She then became silent and refused to answer any more questions or give any further testimony.

Several days after the videotaping appellee filed a motion to dismiss the charge because the victim's deposition failed to state any grounds for the charge. The trial court granted appellee's motion, holding that under Ark. Stat. Ann. § 43-2036 (Supp. 1981) the victim's videotaped depositions must be viewed and heard at trial and entered into the record in lieu of the direct testimony of the alleged victim. We agree with the trial court's interpretation of this statute. The mandatory language of the statute is clear and unambiguous. We have repeatedly held that when the wording of an enactment is self evident, we need not look elsewhere to determine meaning and intent. *Casey* v. *Scott Paper Co.,* 272 Ark. 312, 613 S.W.2d 821 (1981); *Ellison* v. *Oliver,* 147 Ark. 252, 227 S.W. 586 (1921). Where a statute is plain and unambiguous, there is no room left for construction; and neither the exigencies of a case nor a resort to extrinsic facts will be permitted to alter the meaning of the language used in the statute. *Cunningham* v. *Keeshan,* 110 Ark. 99, 161 S.W.2d 170 (1913).

The State next argues that the trial court prematurely judged the State's evidence by dismissing the charge. We agree. The State indicated to the court that it would produce two witnesses other than the victim. Therefore, it was error for the trial court to dismiss the charge. The case is reversed on this point and remanded.

Reversed and remanded.

HICKMAN, PURTLE and HAYS, JJ., dissent in part.

STEELE HAYS, Justice, concurring in part, dissenting in part. I respectfully dissent from that part of the opinion

which interprets Ark. Stat. Ann. § 43-2036 (Supp. 1981) as restricting the state in the prosecution of sexual offenses against children. The obvious objective of the statute is to make the prosecution of these cases less onerous to the youthful victims and their families by shielding the child from the ordeal of courtroom testimony. But the interpretation given the statute by the trial court and the majority will effectively nullify the statute in many cases, as the prosecution will seldom risk taking a deposition if it means the child cannot be called as a witness in the event he or she experiences stage-fright during the deposition. This construction which gives the accused an unexpected windfall, could not have been the intention of the legislature as I see it.

A common sense interpretation of the statute suggests that it is intended to be an available *alternative* for the young witness, not an *election* which precludes the right to testify at trial. This interpretation works no real hardship on the accused, he simply has to face the prosecuting witness in trial rather than in deposition.

HICKMAN, J., joins this dissent.

JOHN I. PURTLE, Justice, dissenting in part. I concur in the majority opinion which holds that videotaped depositions of minor victims shall be admitted in evidence in lieu of direct testimony. The state has the option of taking a videotaped deposition or presenting the witness before the jury. However, I disagree with the majority opinion which reverses the trial court on dismissing the charges. In this case the prosecuting attorney candidly admitted he had no evidence which could be the basis for a conviction of the appellant. This was not a matter which was decided in haste. The trial court gave the parties several weeks between the request of the motion to dismiss and finally acting upon it. The state was given every possible opportunity to discover witnesses who might enable them to make a case against the appellant. None were found. The trial court used common sense and intelligence in dismissing the charge after learning there was no possibility of a conviction.

The only purpose to be served by allowing this videotaped deposition to be presented at the trial of the case on the

other count is solely and entirely for the purpose of prejudicing the jury and I will vote to reverse the conviction if the videotape is shown at the trial on the other count. There are limits beyond which the state should not be allowed to go and this is one of them. This videotaped deposition cannot be presented to the jury in good faith. I would affirm the trial court in its entirety.